NO. 12-01-00176-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ANTONIO ROLDAN, JR.,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Antonio Roldan, Jr. ("Appellant") appeals his conviction of engaging in organized criminal
activity, for which he was sentenced to confinement for thirty years. Appellant raises one issue on
appeal. We affirm.


Background

 On the night of February 6, 2001, a man named Sergio Martinez ("Martinez"), who
associated with a street gang known as the Latin Kings, drove by the apartment of Jessica Jasso
("Jasso"). Santos Yanez ("Yanez"), who was a member of a rival gang known as the South-side
13's, was visiting Jasso at the time. As Martinez drove into a parking lot near Yanez's vehicle, he
and Yanez made gang signs toward one another. Martinez drove away, but returned later to Jasso's
apartment with Appellant and three other people. Upon his arrival, Appellant, who Officer Refugio
Tony Jasso, Jr. testified was one of the leaders of the Latin Kings in Nacogdoches, exited the vehicle. 
According to Yanez's testimony, Appellant then stated to Yanez, "This is Latin King . . . I'm going
to kill you because you shot me." Yanez further testified that he and Appellant argued for a moment
before Appellant pulled the trigger. However, the gun did not fire. Appellant then cocked the gun,
loading a round of ammunition in the chamber, and again pointed the gun at Yanez. Yanez
suggested that Appellant give the gun to a friend and that he and Appellant would fight. At this time,
a security guard arrived and separated Yanez and Appellant. Officers from the Nacogdoches Police
Department soon arrived, seized the gun, and arrested Appellant.

 Appellant pleaded "not guilty" and a jury trial was conducted. During trial, Appellant's
counsel stipulated that Appellant was a member of the Latin Kings and that the Latin Kings were a
criminal street gang as defined by section 71.01(d) of the Texas Penal Code. The jury convicted
Appellant of engaging in organized criminal activity. Following a separate hearing on punishment,
the trial court sentenced Appellant to imprisonment for thirty years.


Ineffective Assistance of Counsel


 In his sole issue, Appellant contends that his trial counsel was ineffective because he failed
to file a pretrial request for notice of the State of Texas's (the "State") intent to use prior bad acts
during its case-in-chief, and because he failed to properly research the governing law and make an
independent investigation of the facts of the case.

 The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms, and 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability" was defined by the
supreme court as a "probability sufficient to undermine confidence in the outcome." Id. Counsel
is strongly presumed to have rendered adequate assistance and to have made all significant decisions
in the exercise of reasonable professional judgment. See Hernandez, 726 S.W.2d at 55. The burden
is on Appellant to overcome that presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex.
App.-Texarkana 2000, pet. ref'd). He must show specific acts or omissions that constitute
ineffective assistance and affirmatively prove that those acts fall below the professional norm for
reasonableness. Id. After proving error, Appellant must affirmatively prove prejudice. Id. The
appellant must prove that his attorney's errors, judged by the totality of the representation and not
by isolated instances of error, denied him a fair trial. Id. It is not enough for the appellant to show
that the errors had some conceivable effect on the outcome of the proceedings. Id. He must show
that there is a reasonable probability that, but for his attorney's errors, the jury would have had a
reasonable doubt about his guilt. Id.

 In the case at hand, Appellant argues at length as to why certain inactions on his trial
counsel's behalf cumulatively constitute ineffective assistance. However, even assuming arguendo
that Appellant's trial counsel's inactions, as noted in Appellant's brief, satisfied the first prong of
the Strickland test, Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at
186. Appellant's brief is devoid of any argument that but for his counsel's alleged unprofessional
errors, there exists a reasonable probability that the result of the proceedings would have been
different. Therefore, since Appellant has failed to satisfy his burden under Strickland, we hold that
Appellant's trial counsel was not ineffective. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.



Opinion delivered April 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.












(DO NOT PUBLISH)